# OCTOBER TERM, 1863, AT DETROIT.

---

### Amos Littell v. Samuel A. Fitch and others.

Where one member of a copartnership gives a note in the copartnership name, the presumption is that it is given for partnership purposes; and the burden of proof is upon the copartnership to show the contrary.

*Heard July 17th.   Decided October 14th.*

Case made, from Macomb Circuit.

Littell brought suit against defendants to recover moneys which he had paid on a judgment, rendered upon a promissory note, given by defendant Fitch, in the name of S. A. Fitch & Co., a copartnership, composed of the defendants, and signed by Little as surety.  Upon the trial the copartnership of the defendants was admitted, and that on September 25th, 1859, the note was made and signed in the firm name by Fitch, payable to one Dyer or bearer, but negotiated with one Prentiss, and the money obtained upon it.  The plaintiff signed the note as surety, and at the request of Fitch, and suit being afterwards brought against him thereon, and judgment recovered, he paid the amount.  On the trial of this suit the plaintiff testified that Fitch showed him the note with the name of the firm to it, and wanted him to sign the note with Fitch and the company; and he did so.  Fitch told him the firm owed some money in Detroit, and he could not get out to collect, and wanted to borrow it, and asked him to sign so he could raise it until he got around.

On the part of defendants the following evidence was given :

George B. Van Eps testified, that he was a member of the firm of Van Eps & Co., and managing partner, doing business in Mount Clemens. "During the partnership of S. A. Fitch & Co., I made all the purchases of goods sold by that firm, upon the credit of Van Eps & Co. S. A. Fitch & Co. received their goods from Van Eps & Co., and purchased hides and sent them here. Their stock was drawn from our stock here, and the money proceeds and such hides as they purchased were sent here. No goods were purchased by that firm to my knowledge, and no moneys were .ever raised for the benefit of the firm of S. A. Fitch & Co. to my knowledge. They had no occasion to raise money. The members of both firms were the same."

Samuel A. Fitch testified, that he was doing business in Romeo about the first of March, 1857. That he heard the testimony of Amos Littell, and that he does not recollect of stating to him that the firm of S. A. Fitch & Co. wished to raise money to pay in Detroit; "don't think I said so when he came into my room, or at any other time. I told him I wanted to raise some money to pay some matters that I had in Detroit, and think I told him I could raise the money, if I could get any one to sign with me, of Mr. Prentiss, and don't think I said anything about the firm, and finally told him I would sign the firm name. I used the money in my own private matters. The firm of S. A. Fitch & Co. owed no money in Detroit at any time, that I am aware of. I never purchased any goods on account of that firm. I managed the business of that firm, and it never purchased any goods to sell. I had been intimately acquainted with Littell. I got goods from Van Eps & Co., and never purchased any hides for them but from the proceeds of sales of goods received from Van Eps & Co. I suppose Littell knew these facts, as I was very intimate with him."

The Circuit Court rendered judgment for defendants.

LITTELL *v.* FITCH.

*Maynard & Meddaugh,* for plaintiff.

*R. P. & J. B. Eldredge,* for defendants.

MANNING J.:

As the note was made in the name of the firm, by Fitch, who was a partner, and signed by Littell as surety, the presumption is that it was to be used for the partnership. Fitch had no right to use the partnership name for any other purpose. It is for defendants to show Littell knew that it was to be used by Fitch to raise money for himself, instead of the firm. The affirmative of the issue upon this point is with them. It is for them to prove it, and not for Littell to disprove it. We do not think it established by the evidence, but on the contrary that Littell supposed he was lending his name to the firm when he signed the note at the request of Fitch.

The judgment of the Circuit Court must be reversed, and judgment be entered for plaintiff, with costs of both courts.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY, J. was absent.